UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

2005 APR -7 P 1:18

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 14th day of December, two thousand and four.

PRESENT:

    HON. AMALYA L. KEARSE,
    HON. ROBERT D. SACK,
    HON. PETER W. HALL,

        Circuit Judges.



UNITED STATES COURT OF APPEALS FILED DEC 14 2004 Roseann B. MacKechnie, CLERK SECOND CIRCUIT

---

LORETTA DIBRINO,

    Plaintiff-Appellant,

  - v. -                                              No. 04-0860

DEPT. OF VETERAN'S AFFAIRS, Anthony J. Principi, Secretary,

    Defendant-Appellee.

---

| For Appellant: | Dawn Westbrook, Middletown, CT (Norman A. Pattis, New Haven, CT, of counsel). |
|---|---|
| For Appellees: | William M. Brown, Jr., Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, of counsel). |

MANDATE 3/21/05

1   Appeal from a judgment of the United States District Court
2   for the District of Connecticut (Janet C. Hall, <u>Judge</u>).

3   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
4   DECREED that the judgment of the district court be, and it hereby
5   is, AFFIRMED.

6   Plaintiff Loretta DiBrino appeals the January 9, 2004,
7   judgment of the United States District Court for the District of
8   Connecticut (Janet C. Hall, <u>Judge</u>) granting defendant's motion
9   for summary judgment as to DiBrino's claim that she had suffered
10  adverse action in retaliation for an Equal Employment Opportunity
11  ("EEO") complaint she filed in 1997.  In an order dated January
12  5, 2004, the district court concluded that, aside from DiBrino's
13  termination in May 2002, she had not suffered adverse employment
14  action and that DiBrino had not established the required causal
15  link between the termination of her employment and the filing of
16  her EEO complaint five years earlier.

17  To survive a motion for summary judgment on her retaliation
18  claim, DiBrino must present sufficient evidence to establish a
19  <u>prima facie</u> case that (1) "plaintiff was engaged in protected
20  activity"; (2) "the alleged retaliator knew that plaintiff was
21  involved in protected activity"; (3) "an adverse decision or
22  course of action was taken against plaintiff"; and (4) "a causal
23  connection exists between the protected activity and the adverse
24  action."  <u>Weixel v. Board of Educ. of City of New York</u>, 287 F.3d
25  138, 148 (2d Cir. 2002) (internal quotation marks omitted).
26  DiBrino's appeal focuses on elements (3) and (4), specifically on
27  her contention that her "shift change" and her ultimate
28  termination were both adverse actions in retaliation for her
29  protected activity.

30  We agree with the district court that DiBrino has not
31  produced sufficient evidence such that a rational trier of fact
32  could find that, aside from her eventual termination, she
33  suffered an adverse action.  An adverse action must be "a
34  'materially adverse change' in the terms and conditions of
35  employment."  <u>Sanders v. New York City Human Resources Admin.</u>, 361
36  F.3d 749, 755 (2d Cir. 2004) (citing <u>Richardson v. New York State
37  Dep't of Corr. Serv.</u>, 180 F.3d 426, 446 (2d Cir. 1999)).  "To be
38  materially adverse, a change in working conditions must be 'more
39  disruptive than a mere inconvenience or an alteration of job
40  responsibilities.'"  <u>Sanders</u>, 361 F.3d at 755 (quoting <u>Terry v.
41  Ashcroft</u>, 336 F.3d 128, 138 (2d Cir. 2003)).

42  A shift change, without anything else, has been held
43  insufficient to establish an "adverse employment action."  <u>See</u>

2

Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 769 (5th Cir. 2001); Grube v. Lau Industries, Inc., 257 F.3d 723, 728 (7th Cir. 2001). Although a shift change may be construed as a materially adverse action under extraordinary circumstances, see, e.g., Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778, 787-88 (3d Cir. 1998), DiBrino does not provide any evidence of extraordinary circumstances to show that the shift change in her case was materially adverse. Therefore, DiBrino has failed to establish that the shift change constitutes an adverse employment action.

For a retaliation claim to succeed, a plaintiff must show that the employer's adverse action was a direct or indirect result of her protected actions. See Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996). Although we "ha[ve] not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," Gorman-Bakos v. Cornell Coop. Extension of Schenectady County, 252 F.3d 545, 554 (2d Cir. 2001), courts have generally required the two events to be "very close" in time. See Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (internal quotation marks omitted). In DiBrino's case, however, the adverse action and the protected activity were five years apart. As this Court has noted, "It makes logical sense that if an employer wishes to retaliate by firing an employee, he is likely to do so soon after the event." Mandell v. County of Suffolk, 316 F.3d 368, 384 (2d Cir. 2003).

DiBrino argues that the time between her initial EEO complaint and her termination, while "significant," was "not so remote" as to suggest that the two events were unrelated. But DiBrino has failed to establish that "a causal connection exists between the protected activity and the adverse action." Since the only event rising to the level of "adverse action" is the termination, which occurred five years after DiBrino filed her EEO complaint, the relationship between the protected activity and the alleged subsequent retaliation is simply too attenuated to support DiBrino's retaliation claim.

1   For the foregoing reasons, the judgment of the district
2   court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

_Oliva M. George_ (signature)

By: Oliva M. George          Date: 12/14/04

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _Deepala Persad_ (signature)
    DEPUTY CLERK